Natural Therapy Acupuncture, P.C., as Assignee of Ligene, Joanel, Respondent,
against
Omni Indemnity Company, Appellant.


Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 12, 2016. The order denied defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that, on the court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against plaintiff's counsel pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing an affidavit or affirmation on that issue in the office of the clerk of this court and serving one copy of same on each other on or before January 31, 2019; and it is further,
ORDERED that the clerk of this court, or his designee, is directed to serve a copy of this decision and order to show cause by regular mail upon counsel for the respective parties.
In this action by a provider to recover assigned first-party no-fault benefits, defendant [*2]appeals from an order of the Civil Court denying defendant's motion which had sought summary judgment dismissing the complaint on the ground that defendant had not issued an insurance policy covering the vehicle which was involved in the accident in question and that, therefore, plaintiff had sued the wrong party.
In support of its motion, defendant submitted affidavits by its litigation manager and by a manager of American Independent Insurance Company (AIIC), which affidavits sufficiently established defendant's lack of coverage defense (see Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d 139[A], 2013 NY SlipOp 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Astoria Quality Med. Supply v State Farm Mut. Auto. Ins. Co., 31 Misc 3d 138[A], 2011 NY Slip Op 50743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Notably, the AIIC manager attested that her company had issued the policy covering the accident in question. Plaintiff failed to raise an issue of fact in response. As defendant demonstrated that plaintiff had sued the wrong insurance carrier, defendant was entitled to summary judgment dismissing the complaint (see Tam Med. Supply Corp. v Omni Indem. Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Vincent Med. Servs., P.C. v Omni Indem. Co., 42 Misc 3d 142[A], 2014 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
We conclude that sanctions may be warranted for the conduct of counsel for plaintiff, as that conduct appears to be frivolous (see Flushing Expo, Inc. v New World Mall, LLC, 116 AD3d 826 [2014]; Ram v Torto, 111 AD3d 814 [2013]). As relevant here, frivolous conduct includes the assertion of arguments that are "completely without merit in law and [which] cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c] [1]). Since 2013, plaintiff and/or other providers represented by plaintiff's counsel have been before this court more than 20 times in similar actions wherein these providers, while represented by plaintiff's counsel, have made the same or essentially the same arguments which plaintiff raises in the instant appeal (see e.g. Masigla v Omni Indem. Co., 58 Misc 3d 131[A], 2017 NY Slip Op 51767[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Maiga Prods. Corp. v Omni Indem. Co., 58 Misc 3d 129[A], 2017 NY Slip Op 51731[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Island Life Chiropractic, P.C. v Omni Indem. Co., 57 Misc 3d 134[A], 2017 NY Slip Op 51255[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Compas Med., P.C. v Omni Indem. Co., 51 Misc 3d 134[A], 2016 NY Slip Op 50528[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Arguelles M.D., P.C. v Omni Indem. Co., 51 Misc 3d 133[A], 2016 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Tam Med. Supply Corp. v Omni Indem. Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Although defendant has prevailed in each appeal, plaintiff's counsel continues to advance essentially the same arguments notwithstanding the fact that defendant's appellate brief expressly notes that this court has previously considered and rejected the arguments put forth by plaintiff's counsel and cites every such prior appeal. As plaintiff's counsel has persisted and raised the same arguments in the instant appeal, we direct counsel for the respective parties to [*3]show cause why sanctions should or should not be imposed against plaintiff's counsel (see Flushing Expo, Inc., 116 AD3d 826; Ram v Torto, 111 AD3d 814).
In light of the foregoing, the order is reversed, defendant's motion for summary judgment dismissing the complaint is granted, and, on the court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against plaintiff's counsel pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing an affidavit or affirmation on that issue in the office of the clerk of this court and serving one copy of same on each other on or before January 31, 2019.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 21, 2018